# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-1668V**

| | |
|---|---|
| JENNIFER KAZDAN,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: October 15, 2026 |

*Thomas W. Stavola, Jr., Law Office of Thomas Stavola Jr. LLC, Colts Neck, NJ, for Petitioner.*

*Catherine Elizabeth Stolar, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 16, 2024, Jennifer Kazdan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccination she received on October 21, 2021.

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petition, ECF No. 1. On July 20, 2026, I issued a decision awarding damages to Petitioner based on the parties' stipulation. ECF No. 40.

Petitioner has now jointly filed a motion for attorney's fees and costs, requesting an award of $19,782.99 (representing $11,152.00 in attorney fees incurred by Petitioner's current counsel, Thomas Stavola, Jr., and representing $8,095.75 in attorney fees and $535.24 in costs incurred by Petitioner's former counsel Phyllis Widman). Motion for Attorneys' Fees and Costs ("Motion") filed August 3, 2026, ECF No. 44. Furthermore, Petitioner filed two signed statements representing that no personal out-of-pocket expenses were incurred. ECF No. 44 at 3 and 44 at 16.

Respondent reacted to the Motion on August 17, 2026, stating that he is satisfied the statutory requirements for a fees award are met in this case, but deferring resolution of the amount to be awarded to my discretion. However, Respondent notes that petitioner's Motion did not include any receipts substantiating the costs incurred for requesting medical records and states there is an item billed that is not relevant to petitioner's vaccine claim. Response to Motion at ECF No. 46. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find it appropriate to reduce the amount of attorney fees to be awarded, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage

in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs*., 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

**ATTORNEY FEES**

Petitioner requests the following rates for current counsel, Thomas William Stavola, Jr.: $230.00 for work performed in 2024-25, and $300.00 for work performed in 2026. Petitioner represents that Mr. Stavola has been a licensed attorney since 2022 and was also admitted to the Court in 2022. Mr. Stavola practices at his own firm, Law Office of Thomas Stavola Jr. LLC, and this is his first matter litigated under the vaccine program. I find the requested rates to be reasonable, and they are hereby awarded herein. The rates requested for attorney work performed by Petitioner's former counsel, Phyllis Widman, are reasonable and consistent with our prior determinations and are also awarded herein.

However, a review of the billing records reveals that attorney Stavola billed for several tasks considered administrative in nature.[3] Billing at any professional rate for clerical and other administrative work is not permitted in the Vaccine Program. *Rochester v. U.S*., 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). *See* also *Floyd v. Sec'y of Health & Human Servs*., No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome tasks performed by paralegals were clerical / secretarial in nature. Examples include scheduling status conferences...preparing compact discs...and filing documents through the CM/ECF system."); *Kerridge v. Sec'y of Health & Human Servs*., No. 15-852V, 2017 WL 4020523, at *6 (Fed. Cl. Spec. Mstr. July 28, 2017) (noting that billing for "administrative tasks" ... are not compensated in the Vaccine Program); *Silver v. Sec'y of Health & Human Servs*., No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018)

[3] The following are billing entries considered administrative and non-compensable: 12/23/2024 (collating medical records), 5/28/2025, 7/30/2025, 4/10/2026, 7/27/2026. *See* ECF No. 44 at 4-17.

(noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks.").

In addition, several tasks performed by attorney Stavola in this matter are more properly billed using a paralegal rate.[4] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries reflect reasonably performed tasks, they must be charged at a reduced rate comparable to that of a paralegal.

Finally, petitioner billed for "[c]ommunications with bank for ordering trust account checks and ordering of trust account checks." *Id.* at 7. It is not evident how these communications are relevant to petitioner's vaccine claim.

In evaluating a fees motion, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Instead, in appropriate circumstances they may make reasonable, across-the-board percentage adjustments. Here, such an overall cut is reasonable, and preferrable to a time-consuming line-by-line review of the bill. I therefore reduce the total attorney fees, to be awarded to attorney Stavola, herein by *five* percent as a fair adjustment to account for the billing issues and the non-case related item mentioned above. **Application of the foregoing reduces the total amount of attorney fees to be awarded by $557.60.**[5]

## ATTORNEY COSTS

Petitioner's requests $535.24 in overall costs incurred by former counsel Phyllis Widman. These costs include medical record requests and the Court's filing fee.

---

[4] Entries considered paralegal in nature include drafting requests for medical records, following up on medical records requests, and drafting basic documents such as an exhibit list, PAR questionnaire, notice of filing, notice of intent, statement of completion, cover sheet, joint notice not to seek review. Entries that include paralegal tasks billed at an attorney rate include the following: 12/20/2024, 12/23/2024, 5/24/2025, 6/13/2025, 7/23/2025, 7/22/2026. *See* ECF No. 44 at 4-17.

[5] This amount is calculated as follows: $11,152.00 x 0.05 = $557.60.

Petitioner has provided supporting documentation for all claimed costs. ECF No. 49. I find the requested costs reasonable, and they are hereby awarded in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $19,225.39 as follows:**

**A lump sum of $10,594.40, representing reimbursement for attorney's fees, to be paid through an ACH deposit to Petitioner's counsel of record, Thomas Stavola's IOLTA account for prompt disbursement;** and

**A lump sum of $8,630.99 (representing reimbursement for $8,095.75 in attorney's fees and $535.24 in costs) to be paid through an ACH deposit to Petitioner's counsel of record, Phyllis Widman's IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.